**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LUDVIN LEONEL VILLAFUERTE MIRANDA,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No.: 2:26-cv-01389-APG-BNW

**Order Granting First Amended Petition for Writ of Habeas Corpus**

[ECF No. 14]

Petitioner Ludvin Leonel Villfuerte Miranda is a citizen of Guatemala who has been detained by Immigration and Customs Enforcement (ICE) since February 2026. ECF No. 8-1 at 1-2. Villafuerta Miranda entered the United States in February 2018, and he was removed from the United States after being encountered by U.S. Border Patrol (USBP). *Id.* at 3. The parties dispute what happened in 2018. According to the I-213, USBP issued him a Notice and Order of Expedited Removal (Form I-860), and he was removed from the United States shortly thereafter. *Id.* Villafuerta Miranda admits he was removed from the United States in February 2018, but he "disputes that it was on the basis of an expedited removal order entered against him." ECF No. 14 at 5. As discussed below, the federal respondents have never produced the Form I-860 showing an expedited removal order from 2018.

Villafuerta Miranda reentered the United States in July 2018, and he has lived in Las Vegas, Nevada with his wife and two U.S.-citizen children. ECF No. 14 at 6. In April 2024, Villafuerta Miranda applied for Deferred Action for Labor Enforcement (DALE), and U.S. Citizenship and Immigration Services (USCIS) approved his application on October 2, 2024. ECF No. 8-1 at 3. According to Villafuerta Miranda, USCIS's policy at the time was to grant

deferred action for DALE recipients for four years, so his deferred action status is valid until October 2, 2028. ECF No. 14 at 6. The I-213 is silent on when his deferred action would expire and the federal respondents have not provided any other information on the topic.

In February 2026, Villafuerta Miranda was arrested for domestic battery. ECF No. 8-1 at 3. That same month, ICE arrested him while he was still in local custody. *Id.* at 2. The I-213 does not mention a warrant being obtained for his arrest by ICE, and the federal respondents have not provided a warrant in this case. According to the I-213, Villafuerta Miranda was served with a Notice of Intent/Decision to Reinstate Prior Order, Form I-871. *Id.* at 4. That form states that Villafuerta Miranda was subject to a prior order of removal entered on February 12, 2018. *Id.* at 5. ICE SDDO[1] Anna Aegerter determined that Villafuerta Miranda was removable through reinstatement of the prior removal order. *Id.* Because no such order has been produced, it appears she made this determination without ever viewing the prior removal order.

In March 2026, Villafuerta Miranda received a reasonable fear interview. ECF No. 14 at 7. The asylum officer concluded he did not have a reasonable fear of persecution or torture and referred the matter to an immigration judge (IJ) through use of Form I-863. ECF No. 8-1 at 6-7. That form states that Villafuerta Miranda is subject to a reinstated removal order and that a "copy of the removal order and, if applicable, the notice of reinstatement, are attached." *Id.* However, there is no evidence that the prior removal order was attached to the referral to the IJ and the box indicating that an expedited removal order (Form I-860) was attached is not checked. *Id.* at 8. The government has represented that it has provided all documents it has in its possession and control. ECF No. 7 at 1-2. The alleged prior order of expedited removal is not among the identified documents. *Id.*

---

[1] Although not defined, it appears SDDO means Supervisory Detention and Deportation Officer.

Villafuerta Miranda thereafter filed this petition for a writ of habeas corpus raising two grounds. First, he argues he cannot lawfully be detained under 8 U.S.C. § 1231(a) because its purpose is to effectual removal, but he cannot be removed because he has deferred action and there is no evidence that was ever rescinded. He thus argues that his removal is not significantly likely in the reasonably foreseeable future, so his detention is unlawful. Second, he argues he was unlawfully arrested because neither the I-871 reinstatement of his prior removal order nor the I-205 arrest warrant was validly executed, so his detention violates due process. Within ground two, he also asserts that his detention has become prolonged without an individualized assessment that his detention is necessary to ensure public safety or his appearance at his removal proceedings, thus violating his substantive due process rights. He thus requests release.

The federal respondents respond that Villafuerta Miranda is mandatorily detained under 8 U.S.C. §§ 1231(a)(2) and (5) because is subject to a reinstated final order of removal and he is within 90 days of the date his prior final removal order was reinstated.

Despite Villafuerta Miranda's challenges to the 2018 expedited removal and its asserted reinstatement, the federal respondents did not provide the 2018 removal order, either initially when ordered to or in response to his amended petition. The federal respondents do not address Villafuerta Miranda's argument that the prior removal order does not exist. The evidence as it stands is that it does not exist because the federal respondents cannot produce it. They do not address his arguments that even if it does exist, it was not properly reinstated under the applicable regulations and, in any event, he cannot be removed because USCIS granted deferred action. The federal respondents do not dispute Villafuerta Miranda's assertion that his removal is not significantly likely in the reasonably foreseeable future, so his detention is unlawful. They do not address his argument that a warrant was required prior to his arrest, and none was

prepared. The federal respondents assert they attached an I-205 to their response, but they did not. ECF Nos. 17 at 2; 17-1. Additionally, they previously represented they had provided all documents related to Villafuerta Miranda, and that did not include an I-205. ECF Nos. 7; 8. The evidence as it stands now is that no warrant was prepared, and the federal respondents present no argument or authority that a warrant was not required to detain Villafuerta Miranda. The federal respondents did not respond to his argument that his detention has become prolonged without an individualized assessment that his detention is necessary to ensure public safety or his appearance at his removal proceedings, thus violating his substantive due process rights. Finally, the federal respondents do not dispute that if Villafuerta Miranda prevails on any ground, release is the appropriate remedy.

In sum, the federal respondents have not addressed, let alone rebutted, any of the arguments that Villafuerta Miranda raised in his petition, so they have waived their opposition to it. LR 7-2(d). I therefore grant the petition and order his release.

I THEREFORE ORDER that petitioner Ludvin Leonel Villafuerte Miranda's first amended petition for a writ of habeas corpus **(ECF No. 14) is GRANTED**.

I FURTHER ORDER that the respondents must release Ludvin Leonel Villafuerte Miranda from the custody of Nevada Southern Detention Center no later than **Tuesday October 27, 2026**, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day. The respondents must advise Villafuerte Miranda's counsel of the estimated time of release for coordination purposes, at least one hour before he is released.

I FURTHER ORDER that the respondents return all of Villafuerte Miranda's personal property to him upon his release.

/ / / /

I FURTHER ORDER that the respondents are prohibited from re-detaining Villafuerte Miranda absent proof of changed circumstances making his removal reasonably foreseeable and without first following the required statutory and regulatory procedures.

I FURTHER ORDER that the clerk of court is instructed to close this case.

DATED this 26th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE